## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

James River Insurance Company,

      Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 14-3434 ADM/LIB

The Interlachen Propertyowners
Association and Kuepers Construction, Inc.,

      Defendants.

_____

Christopher M. Dougherty, Esq., Hinshaw & Culbertson LLP, Minneapolis, MN, on behalf of Plaintiff.

Jason C. Tarasek, Esq., Larkin Hoffman Daly & Lindgren Ltd., Minneapolis, MN on behalf of Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff James River Insurance Company's ("James River") Objection [Docket No. 63] to Magistrate Judge Leo I. Brisbois' December 21, 2015 Order [Docket No. 62] ("Order"). James River objects to Judge Brisbois' ruling permitting Defendants Interlachen Propertyowners Association (the "Propertyowners Association") and Kuepers Construction, Inc. ("Kuepers") (collectively, "Defendants") to produce a redacted, rather than complete, document in discovery. For the reasons stated below, James River's Objection is overruled and the Order is affirmed.

## II. BACKGROUND

This case involves the alleged defective construction and management of a housing development project. Kuepers designed and constructed the development and Interlachen Properties, LLC ("Interlachen LLC") managed the project. On November 28, 2011, the

Propertyowners Association filed suit in state court, alleging nine construction defect claims and two negligent design claims against Kuepers and Interlachen LLC. Order at 2. Kuepers' insurers, State Auto Insurance Company and James River, provided a defense subject to a reservation of rights. Id. On January 4, 2013, the negligent design claims were dismissed against Interlachen LLC, as well as some of the construction defect claims against Kuepers. Id. In December 2013, a jury rendered a verdict against Kuepers on the remaining construction defect claims. Judgment in the amount of $2,147,000 was ultimately entered against Kuepers. Id. at 3.

In subsequent mediation discussions, the Propertyowners Association stated an intent to appeal the dismissal of the negligent design claims. Id. After the notice of appeal was filed, the Defendants here entered into a Miller-Shugart agreement[1] (the "James River Miller-Shugart Agreement") in which Kuepers stipulated to entry of judgment against it on the negligent design claims for $2,000,000 in exchange for the Propertyowners Association's promise to seek collection on that judgment solely against the James River insurance policy. Id. The Propertyowners Association then withdrew its Notice of Appeal. Id. at 3–4.

On September 11, 2014, the present declaratory judgment action was filed. See Compl. [Docket No. 1]. James River seeks a ruling that the James River Miller-Shugart Agreement is collusive, unreasonable, and unenforceable. Order at 4; Compl. ¶¶ 37–40. On November 5, 2015, James River moved to compel [Docket No. 52] the Defendants to disclose two documents they provided to its testifying expert, identified as "Memorandum from Hammargren & Meyer to

---

[1] Minnesota allows for a plaintiff-claimant and a defendant-insured to enter into a settlement agreement which is only collectible from the insurer. See Miller v. Shugart, 316 N.W.2d 729 (Minn. 1982). Such agreements are known as "Miller-Shugart agreements."

CASE 0:14-cv-03434-ADM-LIB   Document 80   Filed 02/01/16   Page 3 of 7

Interlachen Board" ("Item 13") and "Agenda: Interlachen Board/Hammargren & Meyer Meeting" ("Item 14"). Order at 4. The Defendants resisted producing the complete documents, agreeing to produce only redacted versions contingent on an agreement that such production did not waive any privileges or rights. Id. at 5.

The parties were unable to independently resolve this issue and requested Judge Brisbois' intervention. In his Order, Judge Brisbois concluded that the Defendants needed to produce both Item 13 and 14. Id. at 12–13. However, as to Item 13, Judge Brisbois concluded that the document may include attorney opinion work product, such as mental impressions, opinions, and strategies. Id. at 12. Judge Brisbois thus permitted the Defendants to produce a redacted version eliminating disclosure of any attorney opinion work product. Id.

On January 4, 2016, James River filed this Objection, arguing that Judge Brisbois erred in holding that Defendants did not waive work product protection by providing documents to their testifying expert. James River additionally takes issue with Judge Brisbois' decision to allow Defendants to unilaterally redact the material it deems privileged.

### III. DISCUSSION

**A. Standard of Review**

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

3

that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

**B. James River's Objection**

In his Order, Judge Brisbois concluded that, under Federal Rule of Civil Procedure 26(b)(4)(C)(ii), because Defendants' expert "considered" the documents at issue, they were subject to disclosure. Turning next to the privilege issue, Jude Brisbois noted that in earlier versions of Federal Rule of Civil Procedure 26(b)(4)(C), the disclosures would not have been protected by privilege because disclosure to an expert created an automatic, complete waiver of the attorney work product privilege. However, as explained by Judge Brisbois, the rule was amended in 2010 and therefore superseded the authority that held disclosures to an expert automatically waived work product privilege. With that understanding, Judge Brisbois held that the work product privilege under Rule 26(b)(4)(C) still applied to Item 13 because it was created by an attorney in relation to pending litigation.

James River disagrees with Judge Brisbois' conclusion that Federal Rule of Civil Procedure 26(b)(4)(C) protects Item 13. James River first argues that Item 13 does not include any opinions or analysis concerning the present lawsuit. James River additionally contends that Item 13, as a memorandum to the Board of Directors of the Propertyowners Association from its attorneys, does not fall within Rule 26(b)(4)(C) because it is not a communication between Defendants' attorneys and an expert. Next, James River states that even if Item 13 is considered

as such a communication, an exception to the general work product privilege rule commands its disclosure. Finally, if privilege does indeed apply, James River argues that Judge Brisbois' decision to permit Defendants to self-censor Item 13 without performing an *in camera* review was clearly erroneous. James River argues that Defendants should provide an unredacted version of Item 13 so this Court can assess the applicability of Defendants' redactions.

### 1. Work Product Privilege Applies

Federal Rule of Civil Procedure 26(b)(3)(A) protects against disclosure: "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Item 13 fits this description. As Defendants argued, and the redacted version James River provided confirms, Item 13 is a memorandum from the Hammargren & Meyer law firm aimed to "update [the Propertyowners Association Board of Directors] regarding developments relating to the Kuepers matter and to discuss how we should be proceeding in the foreseeable future." Objections Ex. A ("Item 13") (emphasis added). A memo from an attorney to its client discussing how to proceed during litigation invariably touches on the mental impressions, conclusions, opinions or legal theories of an attorney—the type of material that "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977).

That Item 13 was prepared in anticipation of a different lawsuit does not alter the result. See FTC v. Grolier, 462 U.S. 19, 25 (1983) ("But the literal language of the Rule protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation.") (emphasis in original). Since the attorney that prepared Item 13, David D. Hammargren, is counsel to Defendants, its origin in anticipation of a different lawsuit is

immaterial. It is also immaterial that Item 13 is not a direct communication between Defendants' attorneys and the expert. See Fed. R. Civ. P. 26, advisory committee notes (2010) (Subdivision (b)(4)) (extending the work product privilege for attorney-expert communications "regardless of the form of the communication"). Contrary to James River's assertion, the Committee Notes do not "clearly" demonstrate that the privilege is limited to communications between the attorney and the expert. As the Committee Notes explain, the Amendment was enacted in response to the undesired effects of requiring disclosure of all communications between counsel and the expert. Accordingly, merely because Item 13 was disclosed to the expert does not necessarily mean privilege was waived. Judge Brisbois' conclusion that Item 13 is protected by the work product privilege because it is was prepared in relation to pending litigation is not clearly erroneous or contrary to law.

**2. Redactions**

James River also argues that Judge Brisbois erred in permitting Defendants to assert work product privilege without reviewing Item 13 *in camera*. James River contends that Judge Brisbois' reliance on Damgaard v. Avera Health does not support his conclusion that Defendants can perform their own redactions.

At issue in Damgaard were two charts disclosed to and subsequently consulted by an expert in forming an opinion. No. 13-2192, 2015 WL 4993701, at *2–3 (D. Minn. June 18, 2015). The parties disputed whether the two charts were discoverable, the disclosing party maintaining that the charts were protected by the work product privilege. Id. at *3. After conducting an *in camera* review, the Damgaard court concluded that the charts were not opinion work product. Id. at *3, 5. While the charts themselves were not privileged, the "comments" in

one of the charts were since they were neither "facts or data," but rather "constitute[d] the opinion work product of Damgaard's lawyers." Id. In so ruling, the Damgaard court directed the disclosing party to perform the redactions and then provided a redacted version to opposing counsel. Id. at *5.

Although the court in Damgaard reviewed the documents *in camera* prior to ruling on privilege and specifically described what was subject to privilege, Damgaard does not stand for the proposition that *in camera* review is required in all scenarios to determine the extent of the redactions.[2] While *in camera* review was employed in that case, James River has offered no authority establishing that such review is a mandated procedure. Judge Brisbois did not err by not reviewing Item 13 *in camera* to oversee the redactions. Accordingly, his ruling on this issue is not clearly erroneous or contrary to law.

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff James River's Objection [Docket No. 63] is **OVERRULED**; and

2. Judge Brisbois' December 21, 2015 Order [Docket No. 62] is **AFFIRMED.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 1, 2016.

---

[2] James Rivers additionally requests that Defendants provide an unredacted version of Item 13 to this Court so Defendants' redactions can be evaluated. Because such a request was not presented to Judge Brisbois, James River's request is beyond the scope of review provided by Local Rule 72.2(a).